**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                            No. CR 08-1419 JB

MARK SEDILLO,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the Sentencing Memorandum and Motion for Variance, filed July 23, 2010 (Doc. 44). The Court held a sentencing hearing on July 29, 2010. The primary issue is whether the Court should vary from the advisory guideline range in fashioning an appropriate sentence for Defendant Mark Sedillo under 18 U.S.C. § 3553(a). For the reasons stated on the record and for further reasons consistent with those already stated, the Court will grant Sedillo's request for a variance.

       On March 10, 2010, Sedillo pled guilty to Count 2 of an indictment, charging a violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2), that being felon in possession of a firearm and ammunition. See Conditional Guilty Plea Agreement at 2, filed March 10, 2010 (Doc. 39).[1] The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Sedillo on May 5, 2010. In the PSR, the USPO calculated Sedillo's offense level to be 27 and his criminal history category to be V, establishing a guideline imprisonment range of 120 to 150 months. The guideline imprisonment sentence, however, pursuant to U.S.S.G. § 5G1.1(b), is 120 months, because

---

[1] The Court granted the United States' motion to dismiss Counts 1 and 3 of the indictment. See Motion to Dismiss Counts 1 and 3 of the Indictment, filed July 29, 2010 (Doc. 49); Order Dismissing Counts 1 and 3 of the Indictment, filed July 29, 2010 (Doc. 50).

the maximum term of imprisonment for Sedillo's conviction under 18 U.S.C. § 922(g)(1) and 924(a)(2) is ten years, or 120 months. In his sentencing memorandum, Sedillo requests that the Court sentence him below 120 months. The United States argues that Sedillo's case does not fall outside of the heartland of cases, and thus does not warrant a variance. See Response to Defendant's Sentencing Memorandum and Motion for Variance (Doc. 44) at 5, filed July 27, 2010 (Doc. 45).

The Court has carefully considered the guidelines and has considered other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant, and the Court believes, after careful consideration of the briefing and the circumstances in this case, that the punishment set forth in the guidelines is not appropriate for this offense. The Court has then considered the kinds of sentences and ranges established by the guidelines. The details are not clear as to the level of drug trafficking, if any, in which Sedillo was engaged. He was found with $447.00 in cash, a digital scale, and .9 grams of heroin wrapped in five small aluminum-foil balls in his vehicle, and he had a sawed-off shotgun in his home. The evidence suggests, however, that Sedillo is primarily a heroin user and that he finances his use by selling heroin at a small-scale retail level. Sedillo is not engaged in large-scale drug trafficking. The 4-level increase Sedillo received for having ammunition or a firearm in close proximity to drugs is an enhancement primarily aimed at defendants using firearms in the commission of another offense, such as drug trafficking, but not so much in connection with drug possession or drug use. While the USPO correctly applied the guidelines, the Court believes it is appropriate to exercise its discretion to take Sedillo's circumstances into account, and thus the Court will treat the enhancement for purposes of sentencing more like a 2-level enhancement, rather than a 4-level enhancement, to reflect that it does not appear Sedillo was engaged in large-scale drug trafficking. Treating his offense level as one with a 2-level enhancement, an offense level of 25 and

a criminal history category of V results in a guideline imprisonment range of 100 to 125 months. The Court concludes that a sentence of 100 months is an appropriate sentence in this case. The Court is concerned about Sedillo's criminal history, and a sentence of 100 months, which is still a lengthy sentence, reflects the seriousness of Sedillo's offense and is sufficient to promote respect for the law. The sentence is sufficient to provide adequate deterrence, and the variance to a sentence of 100 months is a more just sentence, while still protecting the public. In the end, the Court finds that a sentence of 100 months fully and effectively reflects each of the factors set forth in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Martinez-Barragan, 545 F.3d 894, 904-05 (10th Cir. 2008)("A sentence is substantively reasonable when the length of the sentence reflects the gravity of the crime and the § 3553(a) factors as applied to the case.") -- this sentence is more reasonable than one within the guidelines. Finally, the Court believes a sentence of 100 months is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

    **IT IS ORDERED** that Defendant Mark Sedillo's request for a variance in his Sentencing Memorandum and Motion for Variance is granted. The Court sentences Sedillo to a term of 100 months in the custody of the Bureau of Prisons.

                                          _____
                                          UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Louis E. Valencia
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Benjamin A. Gonzales
  Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*