IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

11 SEP -2 AM 11:27

CLERK-ALBUQUERQUE

UNITED STATES OF AMERICA,

Respondent-Plaintiff,

vs.

NO. CV-11-342 JB/KBM
CR -08-1419 JB

MARK L. SEDILLO,

Petitioner-Defendant.

## STIPULATIONS

1. On December 10, 2009, the court held an evidentiary hearing on petitioner-defendant Mark L. Sedillo's motion to suppress evidence in criminal case number CR-08-1419 JB. Former Albuquerque Police Department Officer Tank Guenther and Mark Sedillo were the only witnesses who testified at the hearing.

2. On February 19, 2010, the court issued a memorandum opinion and order denying Mr. Sedillo's motion to suppress evidence. Doc. 36 in CR-08-1419 JB.

3. On March 10, 2010, Mr. Sedillo pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), pursuant to a plea agreement. *See* Docs. 39, 40 in CR-08-1419 JB. In the plea agreement, Mr. Sedillo reserved his right to appeal the district court's denial of his motion to suppress evidence. Doc. 39 in CR-08-1419 JB at 2.

4. On July 29, 2010, the court sentenced Mr. Sedillo to 100 months in prison followed by three years of supervised release. *See* Doc. 53 in CR-08-1419 JB. The court entered

its judgment on August 31, 2010. *See id.* Mr. Sedillo timely filed his notice of appeal on September 13, 2010. Doc. 55 in CR-08-1419 JB; 10th Cir. Case No. 10-2209.

5. On October 14, 2010, Louis Valencia, the AUSA who had handled the prosecution of Mr. Sedillo, learned from an article in the Albuquerque Journal that Tank Guenther had been indicted in state court on charges of criminal sexual penetration of a female child, criminal sexual contact with a female child, tampering with evidence, and bribery. Mr. Valencia notified Mr. Sedillo's lawyer, Benjamin Gonzales, of the indictment the same day. The article reported that Mr. Guenther had been on administrative duty at an animal shelter and in the clerk's office since the girl had reported him to the authorities in June 2009.

6. On February 8, 2011, pursuant to multiple requests and after several delays, the Albuquerque Police Department (APD) informed the U.S. Attorney's Office (USAO) that Tank Guenther had been placed on administrative leave with an administrative duty assignment on June 16, 2009. According to APD, Mr. Guenther was told that he had been placed on administrative leave because of a pending criminal investigation. Also according to APD, Mr. Guenther was not permitted to wear a badge of office, police uniform or any other indicia of being a police officer since June 16, 2009. APD informed the USAO that Mr. Guenther received a letter on June 16, 2009 informing him of the administrative leave and duties, but APD declined to provide a copy of the letter to the USAO. The USAO relayed the information it had received from APD to Mr. Gonzales on February 15, 2011.

7. On February 18, 2011, Mr. Sedillo filed a motion in the Tenth Circuit Court of Appeals asking the Court to remand the case to the district court for it to reconsider its ruling on Mr. Sedillo's motion to suppress in light of the information that he had learned about Mr.

Guenther. The United States opposed the motion, and on March 3, 2011, the court referred the motion to the merits panel and directed the briefing on the merits to proceed.

8. On March 15, 2011, Mr. Sedillo filed a motion pursuant to 28 U.S.C. § 2255 in this Court. Doc. 65 in CR-08-1419 JB; Doc. 1 in CV-11-0342 JB/KBM. Mr. Sedillo alleged that his conviction had been obtained through the use of perjured testimony in that Mr. Guenther had misrepresented his status as an officer during Mr. Sedillo's suppression hearing. *See id.*

9. On April 4, 2011, Mr. Sedillo filed an unopposed motion in the Tenth Circuit Court of Appeals asking the court to abate his appeal pending the outcome of his 2255 motion. Although the United States disputed the merits of Mr. Sedillo's 2255 motion, it agreed that abating Mr. Sedillo's appeal pending the outcome of his 2255 motion would promote judicial economy. On April 12, 2011, the Tenth Circuit Court of Appeals granted Mr. Sedillo's unopposed motion to abate his appeal pending resolution of his 2255 motion.

10. On May 27, 2011, the United States filed a response to Mr. Sedillo's motion under 28 U.S.C. § 2255. Doc. 5 in CV-11-0342 JB/KBM. The United States contested the merits of Mr. Guenther's 2255 motion on several grounds, including but not limited to whether Mr. Sedillo could prove that Mr. Guenther's purportedly false testimony was material, and whether Mr. Sedillo could prove that the United States knowingly relied on perjury to obtain a guilty verdict. *See id.*

11. The United States and Mr. Sedillo agree that this case presents legal and factual issues which make its ultimate resolution uncertain. They further agree that litigating the case will take considerable time and resources, which likely would include significant discovery and an evidentiary hearing.

12. The United States and Mr. Sedillo agree that Tank Guenther should have informed the Court of his administrative assignment and duties when he testified at the suppression hearing in Mr. Sedillo's criminal case on December 10, 2009, case no. CR-08-1419 JB. They further agree that Mr. Guenther also should have disclosed this information to AUSA Valencia before the suppression hearing, but that AUSA Valencia did not have actual knowledge of Mr. Guenther's change in status until October 14, 2010, the day Mr. Valencia read about Mr. Guenther's indictment in the newspaper.

13. Based on the unusual legal and factual issues presented by this case, the parties agree that the judgment against Mr. Sedillo may be "vulnerable to collateral attack" within the meaning of 28 U.S.C. § 2255(b). The parties further agree that an agreed resolution of this case will best serve the interests of both Mr. Sedillo and the United States, and will conserve judicial resources. Consequently, the parties agree that the Court should resentence Mr. Sedillo pursuant to 28 U.S.C. § 2255(b) and in accordance with the parties' Amendment to Plea Agreement, which is attached to this stipulation as Exhibit 1. To accomplish that, the parties have agreed that the Magistrate Judge should enter proposed findings to which they have no objections, and which will be immediately submitted to presiding District Judge Browning along with the Exhibit 1 for his review.

14. The Amendment to Plea Agreement provides that Mr. Sedillo will receive a sentence of time-served in prison followed by one year of supervised release, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. If the Court does not accept the Amendment to Plea Agreement, the parties agree that these stipulations, their Joint Proposed Findings and Recommended Disposition, and the Amendment to Plea Agreement are null and

void, and that Mr. Sedillo may pursue his motion pursuant to 28 U.S.C. § 2255 as before, but that Mr. Sedillo will not be permitted to withdraw his guilty plea unless and until the Court rules on the merits of his 2255 motion and finds that withdrawal of his guilty plea is an appropriate remedy. If the Court accepts this stipulation and the attached Amendment to Plea Agreement, and re-sentences Mr. Sedillo in accordance with the Amendment, Mr. Sedillo agrees that this will resolve all the issues currently pending in this Court and in the Tenth Circuit Court of Appeals, and that he will move to dismiss his appeal, Tenth Circuit No. 10-2209.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

_____
LAURA FASHING
Assistant U.S. Attorney
Post Office Box 607
Albuquerque, New Mexico  87103
(505) 346-7274

FEDERAL PUBLIC DEFENDER

_____
BENJAMIN A. GONZALES
Assistant Federal Public Defender
Attorney for Defendant, Mark L. Sedillo
111 Lomas Boulevard NW, Suite 501
Albuquerque, NM  87102
(505) 346-2489