IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CV-11-342 JB/KBM
CR 08-1419 JB

MARK L. SEDILLO,

    Defendant.

### JOINT PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The parties hereto have entered into stipulations and to an Amendment to Plea Agreement. In accordance with the parties' stipulations, I hereby recommend that the court make the following findings and disposition:

*The Underlying Criminal Proceedings*

1. Mr. Sedillo was charged by indictment with possession of ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) and 26 U.S.C. § 5871. (Doc. 2).[1] He filed a Motion to Suppress Evidence Unlawfully Seized from Defendant's Vehicle and Home (Doc. 26), arguing that he did not consent to a search of his vehicle and there was no probable cause for that search. He argued further that the evidence

---

[1] Unless otherwise indicated, "Doc." refers to documents filed in District Court No. CR 08-1419 JB. "Tr." refers to the transcript of the December 10, 2009, evidentiary hearing.

supporting issuance of a search warrant for his home was obtained from the illegal search of his vehicle and that all evidence obtained from his vehicle and home should therefore be suppressed.

2. The search of Mr. Sedillo's vehicle uncovered a scale that appeared to have heroin residue on it, a bag that had five BB's of heroin, and a shotgun shell. (Tr. 24). Officers obtained a warrant to search Mr. Sedillo's home, citing what they found in his vehicle and an anonymous tip that Mr. Sedillo and his wife were trafficking narcotics. (Tr. 26). In Mr. Sedillo's home, officers discovered the shotgun that led to the federal charges in this case.

3. A suppression hearing took place December 10, 2009. The primary issue was whether Mr. Sedillo consented to the search of his vehicle when he was stopped by then-Albuquerque Police Department officer Tank Guenther. The government's only witness at the suppression hearing was Guenther. The defense presented testimony from Mr. Sedillo concerning his encounter with Guenther.

4. This court denied Mr. Sedillo's motion to suppress. The court credited Guenther's testimony that Mr. Sedillo consented to the search of his vehicle.

5. After this court denied Mr. Sedillo's motion to suppress, he entered a conditional plea of guilty to one count of being a felon in possession of a firearm and ammunition, and reserved his right to appeal the denial of the motion to suppress. (Doc. 39 ¶ 3).

6. This court imposed a sentence of 100 months, which Mr. Sedillo currently is serving. (Doc. 53). The court also imposed a three-year term of supervised release.

7. Mr. Sedillo timely filed a notice of appeal.

*The Habeas Proceeding under 28 U.S.C. § 2255*

8. On October 14, 2010, after Mr. Sedillo had filed his notice of appeal, the government informed defense counsel that the local Albuquerque newspaper reported that Guenther had been indicted. The Albuquerque Journal reported on October 14, 2010, that Guenther had been indicted on 26 criminal charges, most for molesting a young relative. The Journal further reported that Guenther was removed from his patrol duties when the allegations against him surfaced in June 2009. He reportedly was placed "on administrative duty at an animal shelter and in the clerk's office."

9. On November 12, 2010, the government informed counsel that Guenther's alleged victim on the criminal sexual penetration charges reported Guenther to authorities in June 2009 and that Guenther was apparently under investigation at the time of his testimony at the December 2009, suppression hearing.

10. Guenther was indicted on October 14, 2010, on twenty-four counts of criminal sexual penetration and criminal sexual contact of a child, which allegedly occurred between August 2002 and December 2005. He also was charged with one count of bribing a witness and one count of tampering with evidence.

3

11. The Albuquerque Journal reported on December 31, 2010, that Guenther had been fired from his position at the Albuquerque Police Department due to the criminal charges he faced.

12. On February 15, 2011, the government informed defense counsel that according to the Albuquerque Police Department (APD), Guenther was notified in writing that he had been placed on administrative leave on June 16, 2009. According to APD, Guenther was advised that he was prohibited from acting in any capacity as a police officer, was not permitted to wear a police badge or police uniform, and could not represent himself as a law enforcement officer in any capacity.

13. On March 15, 2011, Mr. Sedillo filed in this court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence.

14. On April 12, 2011, pursuant to the parties' agreement, the Tenth Circuit abated Mr. Sedillo's appeal pending this court's decision on Mr. Sedillo's § 2255 motion.

15. At the December 10, 2009, suppression hearing, Guenther did not inform the court of his administrative assignment and duties when he testified. When he was asked at the commencement of his testimony to identify himself, he responded, "My name is Officer Tank Guenther." (Tr. 5). Guenther should have disclosed his current status at APD to the court when he testified.

16. Guenther also did not disclose his current status to AUSA Louis Valencia before he testified. Mr. Valencia did not have actual knowledge of Guenther's change in

status until October 14, 2010, the day Mr. Valencia read about Guenther's indictment in the newspaper.

17. Mr. Sedillo requested discovery from the government in this habeas proceeding, which was ongoing when the parties arrived at a settlement agreement.

*The Parties' Proposed Settlement*

18. The parties agreed to resolve Mr. Sedillo's § 2255 motion by amending his plea agreement to reduce his sentence to time served and a one-year term of supervised release. Mr. Sedillo has waived his right to appeal any sentence imposed that is at or under the maximum permitted by the Amendment to Plea Agreement. He also has waived his right to appeal the court's denial of his motion to suppress, and has agreed to withdraw his current appeal which is pending in the Tenth Circuit.

19. At the parties' request, I conducted a status conference on September 2, 2011, to address the parties' proposed settlement.

20. Pursuant to 28 U.S.C. § 2255(b), if this court finds that the judgment is "vulnerable to collateral attack, . . . the court shall . . . resentence [the prisoner] . . . as may appear appropriate."

21. I find, based on the parties' stipulations, that Mr. Sedillo should be resentenced in accordance to the Amendment to the Plea Agreement because Mr. Sedillo's judgment is "vulnerable to collateral attack."

22. I find that implementation of the parties' agreed settlement comports with the interest of justice.

**Wherefore,**

**IT IS HEREBY RECOMMENDED THAT:**

1. In light of the parties' stipulations and agreement, no objection period will follow and this matter will be submitted immediately to presiding District Judge Browning for his consideration of the following;

2. Mr. Sedillo be returned to the District of New Mexico for a hearing at which the Amendment to Plea Agreement be ACCEPTED, pursuant to the parties' agreement, in open court.

3. At the time that the Amendment to Plea Agreement is accepted, Mr. Sedillo be RE-SENTENCED to a sentence of time served, followed by one year of supervised release.

4. Mr. Sedillo be immediately RELEASED from incarceration at the conclusion of the hearing before this court when the Amendment to Plea Agreement is accepted and Mr. Sedillo is re-sentenced.

5. Upon the court's acceptance of the Amendment to Plea Agreement and his re-sentencing in accordance with that agreement, Mr. Sedillo's § 2255 motion shall be deemed granted in accordance with the stipulations of the parties. All Mr. Sedillo's remaining claims shall be DISMISSED WITH PREJUDICE.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

The parties agree to this court's entry of the above-proposed findings and conclusions this 2nd day of September 2011.

_____
LOUIS E. VALENCIA
Assistant United States Attorney
Post Office Bos 607
Albuquerque, New Mexico 87102
(505) 346-7274

_____
BENJAMIN A. GONZALES
Attorney for the Defendant
111 Lomas Blvd. NW, Suite 501
Albuquerque, New Mexico 87102
(505) 346-2489