AO 245B (Rev 12/10) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Mark L Sedillo** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:08CR01419-001JB**<br>USM Number: **40771-051**<br>Defense Attorney: **Ben Gonzales, Appointed** |

THE DEFENDANT:

☒  pleaded guilty to count(s) **2 of Indictment**
☐  pleaded nolo contendere to count(s)  which was accepted by the court.
☐  after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 922(g)(1), 18 U.S.C. Sec. 924(a)(2) | Felon in Possession of a Firearm and Ammunition | 01/10/2008 | 2 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count .
☒  Count **1 and 3** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 6, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**October 6, 2011**
Date Signed

Defendant: **Mark L Sedillo**
Case Number: **1:08CR01419-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **38 months or time served, whichever is less** .

**Defendant Mark Sedillo, pursuant to a Plea Agreement, filed March 10, 2010 (Doc. 39) pled guilty to Count II of the Indictment, filed June 24, 2008 (Doc. 1), charging a violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2), that being a felon in possession of a firearm and ammunition. The Court granted Sedillo`s petition under 28 U.S.C. § 2255, asking the Court to vacate, set aside, or correct his sentence, and adopted the Magistrate Judge`s Proposed Findings and Recommended Disposition, filed 2, 2011 (Doc. 20 in the civil case). See Amended Memorandum Opinion and Order Adopting Magistrate Judge`s Proposed Findings and Recommended Disposition at 1, filed October 6, 2011 (Doc. 97). After the Court granted Sedillo`s petition under 28 U.S.C. § 2255, Sedillo and Plaintiff United States of America then entered an Amended Plea Agreement, filed October 6, 2011 (Doc. 95), which includes a specific sentence of 38 months or time served, whichever is less, and a one-year term of supervised release. See Amendment to Plea Agreement at 2.**

**The United States Probation Office ("USPO") disclosed a Pre-Sentence Investigation Report ("PSR") for Sedillo on May 5, 2010. In the PSR, the USPO calculated the offense level to be 27 and the criminal history category to be V, which establishes a guideline imprisonment range of 120-150 months. The Court, however, under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, accepts the Amendment to the Plea Agreement, because the Court is satisfied that the agreed offense level departs for justifiable reasons.**

**The Court has carefully considered the guidelines, but in arriving at its sentences has taken account not only the guidelines, but other sentencing goals. Specifically, the Court considers the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. The Court believes that, because of the circumstances of this case related to the incident involving Tank Guenther and his testimony before the Court, a more substantial variance is appropriate in the case. At the suppression hearing, Guenther identified himself as an officer, even though he was not an officer at the time of the hearing. The suppression motion turned on Guenther`s credibility. Given that Guenther has now been convicted on sex charges and his credibility with the Court has now been called into question. The suppression motion may have more force now that Guenther has been impeached. The Court recognizes the uncertainty of prosecution and the possibility of success on the merits of the motion to suppress, but also that Sedillo is guilty of the crime and should be subject to some punishment. The Court believes that the punishment that is set forth in the guidelines in not appropriate for this type of offense. Taking into account the kinds of sentences and ranges established by the guidelines and the more prominent weaknesses in the Government`s case, the Court believes that the sentence of 38 months or time served, followed by one year of supervised release, to which the parties have agreed, is adequate to reflect the seriousness of the offense, promote respect for the law for those people that would be familiar with the circumstances of this case, and provide a just punishment given the circumstances of the case. The Court also believes that given the unique circumstances of this case -- a bad cop -- it is unnecessary to emphasize the factor of avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.**

**Additionally, the Court believes that supervised release will provide Sedillo with some needed education, training, and care to overcome and prevent the problems Sedillo has had in the past. After careful consideration of the arguments that were raised in the § 2255 motion as well as in prior proceedings of this case, the Court believes that this sentences fully and effectively reflects each of the factors embodied in 18 U.S.C. §3553(a). The Court also believes that this sentence is reasonable and sufficient without be greater than is necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. The Court, therefore, sentences Sedillo to 38 months or time served, whichever is less, followed by one year of supervised release.**

☐    The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Mark L Sedillo**
Case Number: **1:08CR01419-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **1 year** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Mark L Sedillo**
Case Number: **1:08CR01419-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting drugs, alcohol, weapons, or any contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.

The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.

As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.

As to Standard condition No. 13, it shall not apply to employers: as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.

The Defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing and outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.

The Defendant must participate in and successfully complete a mental health treatment program as approved by the probation officer, which may include outpatient counseling or prescribed medication. The Defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.

The Defendant shall reside at a Residential Re-Entry Center for 90 days.

Defendant: **Mark L Sedillo**
Case Number: **1:08CR01419-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒  In full immediately; or
B   ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Consistent with a stipulation in the Plea Agreement, the Defendant forfeits his rights, title, and interest to the items listed in paragraph 8 of the Plea Agreement.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.